BAY CITY FUEL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34384. Promulgated July 31, 1930.

George E. H. Goodner, Esq., for the petitioner.
John D. Foley, Esq., for the respondent.

OPINION.

TRAMMELL: The first question to be determined in this case is the cost of the *Blossburg* and the *Banner*, acquired by the corporation in 1919 in exchange for stock. Since the corporation acquired the barges for stock in 1919, the cost to the corporation technically would be the value of the stock, which here would be represented by the value of the barges so acquired, the corporation not having paid any other consideration therefor. The corporation at that time had no other assets.

The respondent takes the position that since $20,000 was all the cash to be paid for the barges and that consideration represented the value of the barges only a short time before the corporation acquired them for stock, they did not have any greater value.

The evidence discloses, however, that Milling had rendered services to the Pratt Co. for several years without pay and that he had agreed to render services in the future, and we think these facts enter very largely into the consideration for the purchase and these facts convince us that the barges were not considered by Milling and the Pratt Consolidated Coal Co. to be worth only $20,000. Even, however, if Milling did acquire the barges in 1919 at a bargain price, the corporation acquired them from Milling for stock, and in view of this situation we think the cost of these barges to the petitioner

corporation is represented by their value when acquired by the corporation in 1919.

On this question witnesses of long experience and well qualified to express an opinion on the value of such vessels, testified. Their evidence was based largely upon the reproduction cost new of such vessels in 1919, but they all testified that on account of the great demand for vessels of such character at that time, vessels in good condition would bring on the open market substantially their reproduction cost. All the testimony indicates that there had been a material increase in the market value of such vessels as a result of the World War conditions. The testimony of the witnesses related not only to the cost of reproduction new of the barges, but also as to their market value, with which the witnesses convinced us they were familiar.

From all of the testimony, giving due weight to the cost of construction, age and condition of the barges, and the testimony as to market value, we are convinced that the *Blossburg* had a fair market value when acquired by the petitioner corporation in 1919 of at least $50,000, and that the *Banner* had a market value at that time of at least $15,000.

These are the values which Milling put upon these barges when he turned them over to the corporation for stock. He had long experience in connection with barges and considered these values as being fair and reasonable, and in our opinion, the testimony supports these values.

The loss on the sale of the *Banner* should be recomputed on the basis of the valuation above stated representing its cost, and the net loss resulting to the petitioner from depreciation deductions based upon costs as above determined should be allowed under section 204 of the Revenue Act of 1921 and section 206 of the Revenue Acts of 1924 and 1926.

*Judgment will be entered under Rule 50.*

*George E. H. Goodner, Esq.,* for the petitioner.
*John D. Foley, Esq.,* for the respondent.